YHT, INC., Plaintiff,

v.

OXFORD/PROGRESSIVE GROUP, doing business as
PROGRESSIVE INSURANCE COMPANY (PAGO PAGO), LTD.;
PROGRESSIVE INSURANCE COMPANY (APIA), LTD.;
OXFORD PACIFIC INSURANCE COMPANY; INSURANCE
COMPANY OF THE PACIFIC; THE BOSTON GROUP;
and DOES 1-5, Defendants.

High Court of American Samoa
Trial Division

CA No. 92-00

May 1, 2001

Before RICHMOND, Associate Justice, ATIULAGI, Associate Judge and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Paul F. Miller
 For Defendants, William H. Reardon

### ORDER ON MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO COMPEL DISCOVERY, AND REQUIRING A DISCOVERY CONFERENCE

Plaintiff YHT, Inc. ("YHT"), submitted a Motion to Compel Discovery on October 17, 2000, which was denied by this Court on February 21, 2001. On February 26, 2001, YHT then moved the Court to reconsider our denial of its motion to compel discovery, which motion was heard on April 23, 2001. We summarily deny YHT's motion, and order a discovery conference to contain the spiraling problems regarding discovery in this case.

█ In a recent decision in a different case, addressing a similar motion to reconsider submitted by YHT's counsel, this Court explicitly ruled that pre-trial orders governing discovery are not immediately appealable. *Progressive Ins. Co. v. S. Star Int'l*, 5 A.S.R.3d 82, 84-85 (Trial Div. 2001). The Court's reasoning was founded on statutes, caselaw and legal reasoning barring interlocutory orders from appeal unless they are final or else fall within the collateral order exception. *Id.*; A.S.C.A. § 43.0802.

*The collateral order exception applies to orders that (1) conclusively* resolve the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) [are] effectively unreviewable on appeal from the final judgment in the main case." *Kim v. Am. Samoa Gov't*, 17 A.S.R.2d 193, 195 (App. Div. 1990). The Court in *Progressive* found that pre-trial orders governing discovery do not fall within either the finality or collateral order exception, but rather may only be challenged on appeal from a final decision. 5 A.S.R.3d at 85.

Our February 21, 2001 Order Denying YHT's Motion to Compel Discovery was not a final order, and does not fall within the collateral order exception. YHT's present motion to reconsider such an interim order is neither authorized nor appropriate, and, as such, is ripe for denial.

## A. Discovery Conference

 Given the apparent antagonism between the attorneys and clients involved in the current case, we find it advisable to order the attorneys to appear before the court to discuss and settle discovery issues. Our authority to call such a discovery conference is explicitly given by T.C.R.C.P. 26(f), which states:

> At any time after commencement of an action the court may direct the attorneys for the parties to appear before it for a conference on the subject of discovery.

We note that the Federal Rules of Civil Procedure have been amended to mandate such a conference, and require that four subjects be addressed during a discovery conference: (1) timing, in terms of what should be done in terms of the timing, form, or requirement for disclosures, including a statement as to when disclosures were made or will be made; (2) subjects of discovery, in terms of which subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues; (3) limitations on discovery, in terms of what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and (4) other orders that should be entered by the Court, such as protective orders, or pretrial conference issues. 6 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 26 (3d ed. 1999) (SP26-5 Rule); 8 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2051.1 (2d ed. 1990). Although we by no means adopt the federal rule requiring such conferences, we find the rule's four designated areas of discussion extremely practical for present purposes, as guidelines for what we anticipate addressing at the discovery conference. As such, we require that both parties' counsel file the following before the discovery conference:

1. A list of subjects to be addressed by discovery, either as a whole or in phases;
2. A proposed plan and schedule of discovery;
3. Proposed limitations to be placed on discovery in addition to those already adjudicated by the court; and
4. Any other proposed orders with respect to discovery.

 We note that, in line with T.C.R.C.P. 26(f), all parties and their attorneys are under a duty to participate in good faith in framing a discovery plan. An order of the Court will be issued after the discovery conference:

90

tentatively identifying the issues for discovery purposes, establishing a plan and schedule for discovery, setting limitations on discovery, if any; and determining such other matters, including the allocation of expenses, as are necessary for the proper management of discovery in the action.

T.C.R.C.P. 26(f).

## Order

1. The motion to reconsider the order denying the motion to compel discovery is denied.

2. Both counsel shall submit their respective discovery conference statements on the matters set forth above to the Court by May 25, 2001. The discovery conference is scheduled on June 4, 2001.

It is so ordered.